**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL NO. 2:12CV75-RJC-DSC**

| | |
|---|---|
| **GARY JONATHAN PRUETT,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Brief in Support ..." (document #12), both filed April 8, 2013; and Defendant's "Motion for Summary Judgment" (document #15) and "Memorandum in Support ..." (document #16), both filed July 10, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[2]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin will be substituted for Michael J. Astrue as the Defendant in this matter. Pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action is necessary.

[2] Pursuant to the Pretrial Scheduling Order entered on January 7, 2013, this matter is ripe upon the filing of Defendant's Motion and Memorandum. See Document #8. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

# I. PROCEDURAL HISTORY

On May 21, 2010, Plaintiff filed an application for a period of disability and Social Security disability insurance benefits ("DIB") alleging that he was unable to work from January 15, 2006 through his date last insured of December 31, 2009.[3] (Tr. 15, 167, 174 and 181).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on April 14, 2011. (Tr. 15, 67).

On July 5, 2011, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 12-27). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date and his date last insured. (Tr. 17). The ALJ also found that Plaintiff suffered from degenerative joint and degenerative disc disease of the lumbar spine which were severe impairments within the meaning of the regulations (Tr. 18), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 18-19). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[4] to perform a range of light work.[5] The ALJ found that:

> [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently. [He] can sit, stand, and walk for about 6 hours each out of an 8-hour workday. [He] can occasionally climb ladders. [He] can frequently balance, kneel, stoop, crouch, crawl and climb stairs. [He] is limited to work allowing for a sit/stand option.

---

[3] Because Plaintiff acquired sufficient quarters of coverage to remain insured for DIB only through December 31, 2009 (Tr. 15), he had the burden of showing that he was disabled on or before that date. See 20 C.F.R. §§ 404.101, 404.130 404.131.

[4] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

(Tr. 19). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged. She further found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of his symptoms was not entirely credible, and that those symptoms would not preclude light work as described in the assessed RFC (Tr. 20). Based upon this RFC, the ALJ then found that Plaintiff could not perform his past relevant work as a telephone cable splicer. (Tr. 25).

The ALJ then properly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified light jobs (hand packager and inspector) that Plaintiff could perform. The V.E. also stated that 47,000 of these jobs existed in North Carolina. (Tr. 26). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 26-27).

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated July 30, 2012, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-5).

Plaintiff filed the present action on October 3, 2012. He assigns error to the ALJ's assessment of his RFC, and specifically to the ALJ's evaluation of the medical opinion evidence and her assessment of his credibility and subjective complaints of pain. See Plaintiff's "Brief … in Support ..." at 11-19 (document #12). Plaintiff also contends that the ALJ's hypothetical question to the V.E. was inadequate and that her conclusion that he was capable of performing work existing in significant numbers in the national economy was not supported by substantial

evidence. Id. The parties' cross-motions are ripe for disposition.

## II. <u>STANDARD OF REVIEW</u>

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990); <u>see also</u> <u>Hunter v. Sullivan</u>, 993 F.2d 31, 34 (4th Cir. 1992) (<u>per curiam</u>). The District Court does not review a final decision of the Commissioner <u>de novo</u>. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986); <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In <u>Smith v. Heckler</u>, 782 F.2d 1176, 1179 (4th Cir. 1986), <u>quoting</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

<u>See also</u> <u>Seacrist v. Weinberger</u>, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. <u>Hays v. Sullivan</u>, 907 F.2d

at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time before the expiration of his insured status on December 31, 2009.[6]

Plaintiff argues that the ALJ erred in assessing his RFC. The ALJ's RFC determination is supported by substantial evidence including Plaintiff's medical records and treatment history, as well as the opinions of the state agency reviewing physicians. Reviewing physician Dr. Ellen Huffman-Zechman concluded that he had the capacity to do medium level work. (Tr. 100, 109). Dr. Huffman-Zechman found non-exertional limitations for occasional climbing and frequent stooping, kneeling, crouching and crawling. Id. She noted that based upon the medical record, Plaintiff's allegations were "partially credible" but that he maintained strength in all of his extremities. Id.

On September 16, 2010, a second agency expert, Dr. Jack N. Drummond, reviewed Plaintiff's updated records. (Tr. 119-120, 130-131). Dr. Drummond noted that Dr. Stephen Burgess had examined Plaintiff consultatively. Dr. Drummond gave little weight to Dr. Burgess's assessment. Dr. Drummond noted that Dr. Burgess failed to make any functional

---

[6]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

assessment, but instead assigned Plaintiff a percentage of disability-a determination that is reserved for the Commissioner. (Tr. 118). Dr. Drummond noted that Plaintiff had a normal gait, his upper and lower extremities were "for the most part" unremarkable, and he retained 5/5 strength. (Tr. 118). Dr. Drummond concluded that Plaintiff was limited to light work with the same non-exertional limitations identified by Dr. Huffman-Zechman. (Tr. 120-121, 131-132). The ALJ adopted this opinion verbatim, and imposed an additional restriction allowing a sit/stand option. (Tr. 19). The ALJ is entitled to rely on state agency reviewing physicians insofar as they have considered all the relevant evidence. Lusk v. Astrue, No. 11-196, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing doctors may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence, citing 20 C.F.R. §§ 404.1527(c) and (e), 416.927(c) and (e)). See also Stanley v. Barnhart, 116 Fed. App'x 427, 429 (4th Cir. 2004); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

Plaintiff argues that the ALJ gave insufficient weight to Dr. Burgess's opinion (Tr. 267-71), and failed to adequately explain why he did not give it greater weight. Dr. Burgess opined that Plaintiff's "ability to perform work-related activities … appears to be at least 50 percent impaired." (Tr. 271). A physician's opinion on the legal issue of disability under the Social Security Act is not entitled to any special significance. 20 C.F.R. § 404.1527(e)(1); Morgan v. Barnhart, 142 Fed. Appx. 716, 722 (4th Cir. 2005). The ALJ must consider an opinion provided by a consultative medical source "together with the rest of the relevant evidence." 20 C.F.R. §§ 404.1527(b); SSR 96-8p, available at 1996 WL 374184, at *7. The ALJ must address such an opinion, and if it conflicts with the RFC, explain why the opinion was not adopted. SSR 96-8p.

Here, the ALJ clearly stated that he assigned "some weight" to Dr. Burgess's opinion and explained his reasoning. (Tr. 24).

Dr. Burgess did not review any prior test results or order any further testing. (Tr. 267-271). Dr. Burgess's findings upon examination were largely normal, other than noting reduced ranges of knee and hip motion, some dorsolumbar muscle spasm and tenderness, and positive straight leg raising. (Tr. 269-270). His neurological findings were generally normal, other than noting Plaintiff's inability to walk on his heels and toes. (Tr. 270). Plaintiff showed no limitation in his ability to use his hands, and could walk with a stiff but otherwise normal gait. (Tr. 269-270). Dr. Burgess opined that due to an unclear "radiologic pathology" only conservative treatment was appropriate. (Tr. 270). Dr. Burgess stated that Plaintiff's hearing appeared adequate for normal conversation and he found no limitations in communication. (Tr. 269). Dr. Burgess's opinion conflicts with his objective findings. An ALJ may permissibly rely upon this kind of inconsistency to discount a medical opinion such as the one that Dr. Burgess provided here. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. § 404.1527(c)(4).

Plaintiff argues generally that the ALJ erred when she considered but did not expressly assign weight to opinions contained in the notes of Dr. William Miller (Tr. 272-77) and Dr. James Hoski (Tr. 293-96), testing results by Healthworks (Tr. 287-92), and notes from Smoky Mountain Healthcare Associates. (Tr. 282-86). Document #12 at 12-13.[7] The ALJ considered

---

[7] Plaintiff also states that the ALJ gave "little weight to the decision by the North Carolina Department of Health and Human Services to approve [him] for Medicaid." Document #12 at 12, citing Tr. 24. Plaintiff does not assign error to this portion of the ALJ's decision. In any event, the ALJ properly addressed the Medicaid decision pursuant to Social Security Ruling 06-03p.1 As the ALJ noted, Plaintiff's favorable decision on his medical assistance claim expressly stated, "[t]his decision in no way affects any pending or future claims for Social Security or Supplemental Income benefits." (Tr. 24, 237).

these providers' records, none of which contain formal medical opinions. These notes simply record Plaintiff's subjective complaints. None of these records support greater limitations than those found by the ALJ.

Plaintiff also argues that the ALJ's assessment of his credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (citing 20 C.F.R. § 416.929(b); and § 404.1529(b)); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ is not required to discuss each factor enumerated in 20 C.F.R. §§ 404.1529(c) and 416.929(c). Rather, the decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the

8

individual's statements and the reasons for that weight." SSR 96-7p.

The record contains evidence of Plaintiff's degenerative joint and degenerative disc disease of the lumbar spine – which <u>could</u> be expected to produce some of the pain claimed by Plaintiff. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record. This determination is supported by substantial evidence.

The ALJ considered the expert medical opinions in the record and the contemporaneous treatment records when assessing Plaintiff's subjective complaints. (Tr. 19-21). The ALJ noted that objective findings at examinations did not support Plaintiff's complaints. In particular, one examiner had noted signs suggesting symptom magnification. (Tr. 21, 276). The ALJ also noted the minimal amount of medical care Plaintiff sought since his alleged onset of disability as well as his activity level. (Tr. 21, 40-44, 205, 257, 265). The ALJ noted that Plaintiff performed odd jobs cutting wood for two weeks, supervised the construction of a deck for three to four weeks, and worked on a fence for three weeks. <u>Id.</u> In medical records from 2009, Plaintiff stated that he attached a trailer to a truck and "tried to saw a log." <u>Id.</u> The regulations allow this type of evidence to be considered in evaluating Plaintiff's credibility. <u>See</u> 20 CFR §§ 404.1529(c)(3) & 404.1529(c)(3)(i) (claimant's "daily activities" and "pattern of daily living" are "important indicator[s] of the intensity and persistence of [her] symptoms"); SSR 96-7p, available at 1996 WL 374186, at *3, *5 & *7 ("daily activities" are material to assessment of claimant's credibility). An ALJ is entitled to discount the credibility of complaints by a claimant who is able to engage in the kinds of activities as Plaintiff did here. <u>Johnson v. Barnhart</u>, 434 F.3d 650,

9

658 (4th Cir. 2005) (upholding finding that claimant's routine activities – including attending church, visiting relatives, reading, watching television, cooking, cleaning the house, and doing laundry – were inconsistent with complaints of pain); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("the pattern of [claimant's] daily activity" – including socializing, walking to town, grocery shopping, cooking, washing dishes, and generally taking care of a house – "suggests that he was not disabled from working").

Plaintiff contends that the ALJ erred in relying on the assessed RFC to elicit testimony from the V.E. and in concluding that he could perform work existing in significant numbers in the national economy. The ALJ's evaluations of the medical record and Plaintiff's credibility were supported by substantial evidence, and this assignment of error fails as well. Having properly formulated Plaintiff's RFC, the ALJ's subsequent reliance on the testimony of a V.E. substantially supports the ALJ's determination that Plaintiff retained the ability to perform a significant number of jobs in the national economy. (Tr. 26-27).

Although the medical records establish that the Plaintiff experienced pain to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and her ultimate determination that the Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: July 17, 2013

David S. Cayer
United States Magistrate Judge